# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 19-1249V
(not to be published)

| | |
|---|---|
| BECKY BENVENUTI,<br><br>      Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>      Respondent. | Chief Special Master Corcoran<br><br>Filed: May 19, 2023<br><br>Special Processing Unit (SPU);<br>Attorney's Fees and Costs |

*Nancy Routh Meyers*, Turning Point Litigation, Greensboro, NC, for Petitioner.

*Alexa Roggenkamp*, U.S. Department of Justice, Washington, DC, for Respondent.

## DECISION ON ATTORNEY'S FEES AND COSTS[1]

On August 21, 2019, Becky Benvenuti filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleged that she suffered a shoulder injury related to vaccine administration resulting from the influenza vaccination she received on November 19, 2018. Petition at 1. On January 19, 2023, I issued a decision, awarding compensation to Petitioner based on the parties' stipulation. ECF No. 44.

---

[1] In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2018).

Petitioner has now filed a motion for attorney's fees and costs, requesting a total award of $19,414.43[3] (representing $14,714.50 in attorney's fees and $133.73 in attorney's costs incurred at Petitioner's counsel's current law firm, Turning Point Litigation; and $4,032.00 in attorney's fees and $534.20 in attorney's costs incurred at Petitioner's counsel's former law firm, Ward Black Law). Petitioner's Motion for Attorneys' Fees and Costs, filed Apr. 14, 2023, ECF No. 49. In accordance with General Order No. 9, Petitioner filed a signed statement indicating that she incurred no out-of-pocket expenses. ECF No. 49-4.

Respondent reacted to the motion on April 25, 2023, indicating that he is satisfied that the statutory requirements for an award of attorney's fees and costs are met in this case, but deferring resolution of the amount to be awarded at the Court's discretion. Response to Motion at 2-3, 3 n.2, ECF No. 50. The same day, Petitioner filed a reply stating that he "concurs with Respondent's recommendation that Chief Special Master Corcoran exercise his discretion and determine a reasonable award for attorney's fees and costs in this case". ECF No. 51.

The rates requested for work performed through the end of 2022 are reasonable and consistent with our prior determinations, and will therefore be adopted. Petitioner has also requested 2023 attorney hourly rates as follows: $490 for work performed by Nancy Meyers - representing a rate increase of $30. ECF No. 49-1 at 10. Additionally, Petitioner requests an hourly rate of $165 for paralegal work performed in 2023. *Id.* I find these hourly rates to be reasonable, and will award the attorney's fees requested. (And all time billed to the matter was also reasonably incurred).

Furthermore, Petitioner has provided supporting documentation for all claimed costs, except for $43.25 for obtaining medical records from Northern Light Mercy Hospital (ECF No. 49-1 at 10, 12-17) and $104.645 for obtaining medical records and $29.55 in postage and copying costs at Petitioner's counsel's former law firm (ECF No. 49-2 at 2). The record shows Petitioner produced medical records from Northern Light Mercy Hospital (Exhibit 8) and multiple medical records prior to Petitioner's counsel's transition to a new firm (Exhibits 1-7, ECF Nos. 1, 10, 13). Thus, I will allow these unsubstantiated costs. And Respondent offered no specific objection to the rates or amounts sought.

---

[3] In the motion, Petitioner requested $19,280.70. ECF No. 49. However, a review of the billing records reveals the correct total should be $19,414.43. It appears Petitioner neglected to include the amount of Turning Point Litigation costs - $133.73 when tallying the incorrect total. *Compare* ECF No. 49 *with* ECF No. 49-1 at 10-11 and ECF No. 49-2 at 2.

      The Vaccine Act permits an award of reasonable attorney's fees and costs for successful claimants. Section 15(e). Accordingly, I hereby GRANT Petitioner's Motion for attorney's fees and costs. I award a total of **$19,414.43 (representing $14,848.23 in fees and costs incurred by Turning Point Litigation and $4,566.20 in fees and costs incurred by Ward Black Law) as a lump sum in the form of a check jointly payable to Petitioner and Turning Point Litigation.[4]** In the absence of a timely-filed motion for review (see Appendix B to the Rules of the Court), the Clerk of Court shall enter judgment in accordance with this decision.[5]

**IT IS SO ORDERED.**

                                                        **s/Brian H. Corcoran**
                                                        Brian H. Corcoran
                                                        Chief Special Master

---

[4] In her motion, Petitioner indicates that "[o]ne check may be made payable to Turning Point Litigation which will disburse the funds applicable to Ward Black Law." ECF No. 49 at 2.

[5] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by filing a joint notice renouncing their right to seek review.